# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Madeline Cox Arleo |
| | : | |
| v. | : | Magistrate Case No. 05-8084 |
| | : | |
| NARIMAN BAYATMAKOU | : | **CRIMINAL COMPLAINT** |

I, Alan Kirsch, being duly sworn state the following is true and correct to the best of my knowledge and belief.

On or about April 28, 2005, in the District of New Jersey and elsewhere, defendant NARIMAN BAYATMAKOU did

forcibly assault, resist, oppose, impede, intimidate, and interfere with any person designated in section 1114 of Title 18 while engaged in and in account of the performance of official duties,

in violation of Title 18, United States Code, Sections 111 (a)(2).

I further state that I am an Officer with the Federal Protective Service and that this complaint is based on the following facts:

SEE ATTACHMENT A

Continued on the attached pages and made a part hereof.

_____
Alan Kirsch, Officer
Federal Protection Service

Sworn to before me and subscribed in my presence,
on this 28th day of April, 2005,
in Newark, New Jersey.

HONORABLE MADELINE COX ARELO
United States Magistrate Judge

_____
Signature of Judicial Officer

ATTACHMENT A

I, Alan Kirsch, an officer and employee of United States, employed by the Federal Protective Service [herein after FPS], am aware of the following facts based on my personal observation and after having spoken with other individuals:

1. On or about April 28, 2005, at approximately 10:00 a.m., I responded to the third floor of the Federal Building, in Newark, New Jersey, after receiving a radio call that defendant NARIMAN BAYATMAKOU was refusing to leave BICS [Bureau of Immigration and Customs Services] which is a violation of the Code of Federal Regulations, specifically 41 CFR 102-74.390(a) (Disorderly Conduct) and 41 CFR 102-74.385 (Failure to Comply with Signs and Directions).

2. Upon entering the BICS on the third floor, a security officer with MVM Security, a contracted security service in the aforementioned Federal Building, pointed out the defendant, NARIMAN BAYATMAKOU. I approached the defendant and explained, in substance and in part, that because he did not have an appointment with Immigration which is required in order to be seen by Immigration, he would have to leave. Despite not having an appointment, the defendant informed me, in substance and in part, that he refused to leave.

3. I then informed defendant NARIMAN BAYATMAKOU, that if he did not leave, he would be arrested. Defendant NARIMAN BAYATMAKOU still refused to leave.

4. I began directing him towards the elevators by placing my hand on his back. At that time, he twisted toward me. I grabbed his left hand to bring him under control. The defendant, NARIMAN BAYATMAKOU, then attempted to come around at me. At that point, my partner, Officer Eduardo Miranda, grabbed his right arm. The defendant, NARIMAN BAYATMAKOU, attempted to break away from both of our holds. Then, a security supervisor with MVM Security, jumped in and grabbed the defendant, NARIMAN BAYATMAKOU, and the defendant, NARIMAN BAYATMAKOU, and the two FPS officers, along with the security supervisor, went to the floor. At that time, a third FPS officer, Mark Jedra, stabilized the defendant's, NARIMAN BAYATMAKOU's, head to keep the defendant from raising up off the floor. However, the defendant, NARIMAN BAYATMAKOU, still resisted the officers and attempted to get up from the floor. The defendant, NARIMAN BAYATMAKOU, was then handcuffed.

5. As a result of the defendant's, NARIMAN BAYATMAKOU's, resistance, Officer Miranda of the FPS suffered bruises to his left hand and arm.